589 A.2d 294

**Robert E. BURNWORTH and Burnworth Auto, Petitioners,**

v.

**STATE BOARD OF VEHICLE MANUFACTURERS, DEALERS AND SALESPERSONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 2, 1990.

Decided April 8, 1991.

Dennis J. Stofko, Johnstown, for petitioners.

Peter K. Bauer, Counsel, State Bd. of Vehicle Mfrs., Dealers and Salespersons, with him, Joyce McKeever, Chief Counsel, Bureau of Professional and Occupational Affairs, and Pamella J. Raison, Chief Counsel, Dept. of State, Harrisburg, for respondent.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Robert E. Burnworth (Burnworth) petitions for review of an adjudication and order of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) suspending his vehicle salesperson's and vehicle dealership licenses and imposing a civil penalty for having violated Section 10(4) of the Board of Vehicles Act[1] (Act). We affirm.

Burnworth holds both salesperson's and dealership licenses as the owner of Burnworth Auto (Dealership) in Windber, Pennsylvania. On May 6, 1987, Burnworth pled guilty to forty-one violations of Section 7268(a) of the Tax Code, 72 P.S. § 7268(a), filing false and fraudulent sales tax returns, and one violation of Section 7353(a), 72 P.S. § 7353(a), income tax evasion. On July 1, 1987, Burnworth was

1. Act of December 22, 1983, P.L. 306, *as amended,* 63 P.S. § 818.10(4), relating to crimes involving moral turpitude.

sentenced to pay $27,000 in fines, the costs of prosecution and to pay restitution. Burnworth was also sentenced to undergo imprisonment in the Cambria County Jail for a period of not more than 23 months and was placed on probation for a period of two years. At all times relevant herein, Burnworth owned the Dealership.

On June 8, 1989, the Board issued an Order to Show Cause in which it charged that Burnworth and the Dealership had violated Section 10(4) of the Act by Burnworth having been convicted of crimes involving moral turpitude. Burnworth and the Dealership filed an answer on June 21, 1989. A formal hearing was held before the Board on September 15, 1989. The Board issued an Adjudication and Order on April 23, 1990 in which it suspended Burnworth's vehicle dealership and vehicle salesperson's licenses for thirty (30) months and imposed civil penalties in the amount of $4,200. *See,* 63 P.S. §§ 818.10 and 818.19(c). On May 9, 1990, Burnworth and the Dealership filed a petition for review with this Court. On appeal, Burnworth asserts that the Board, in suspending the licenses, abused its discretion by refusing to consider mitigating evidence.

An administrative agency's exercise of its discretion cannot be overturned by a reviewing court in the absence of fraud, bad faith or flagrant abuse of discretion. *Kwalwasser v. Department of Environmental Resources,* 131 Pa.Commonwealth Ct. 77, 569 A.2d 422 (1990). While this Court is required to correct abuses of discretion in the manner or degree of the penalties imposed, we will not, absent a manifestly unreasonable exercise of judgment, substitute our discretion for that of the Board, an administrative body endowed with expertise in matters subject to its jurisdiction. *See, Pastorius v. Pennsylvania Real Estate Commission,* 77 Pa.Commonwealth Ct. 642, 466 A.2d 780 (1983).

The Act specifies various grounds for which the Board may commence disciplinary proceedings. 63 P.S. § 818.10. Section 10 of the Act provides:

The Board shall have the power to formally reprimand, suspend or revoke any license or refuse to issue or renew any license ..., if after due notice and hearing, the person charged is found ... guilty of committing or attempting to commit any of the following acts:

.    .    .    .    .

(4) Being a vehicle dealer, broker or salesperson, having within three years prior to the application for or issuance of a license or while his current license is in force pleaded guilty, entered a plea of nolo contendere or been found guilty in a court of competent jurisdiction in this or any other state or Federal jurisdiction of forgery, embezzlement, obtaining money under false pretenses, extortion, conspiracy to defraud, bribery, odometer tampering *or any other crime involving moral turpitude.* (Emphasis added.)

63 P.S. § 818.10(4).

The Board adopted this Court's definition of a crime of moral turpitude as being "anything done knowingly contrary to justice, honesty or good morals." *Moretti v. State Board of Pharmacy,* 2 Pa.Commonwealth Ct. 121, 277 A.2d 516 (1971). Burnworth does not challenge the Board's conclusion that the crimes for which he was convicted qualify as crimes involving moral turpitude. *See, Vogelman v. State Board of Funeral Directors,* 121 Pa.Commonwealth Ct. 455, 550 A.2d 1367 (1988) (federal income tax evasion); *see also, Gangewere v. Pennsylvania State Architects Licensure Board,* 98 Pa.Commonwealth Ct. 613, 512 A.2d 1301 (1986) (federal income tax evasion).

■ Burnworth contends that the Board did not give adequate consideration to mitigating factors which would, according to him, compel imposition of a lesser sanction. We note that the weight the Board assigns to evidence offered to mitigate the severity of a penalty is a matter within its discretion. *See, Shenk v. State Real Estate Commission,* 107 Pa.Commonwealth Ct. 48, 527 A.2d 629

(1987). The Board clearly considered Burnworth's mitigating evidence but assessed it very little weight.

■ The Board demonstrated its consideration of Burnworth's mitigating evidence when it discussed whether his convictions justified a revocation or suspension of his licenses. The Board found that Burnworth's good reputation in the community and the fact that he had made restitution to the Commonwealth[2] merited only a suspension of limited duration along with the imposition of civil penalties.

The only mitigating evidence that the Board discounted was Burnworth's testimony attempting to collaterally attack the convictions to which he had earlier pled guilty. Burnworth contends that he did not commit crimes involving moral turpitude since the filing of improper sales tax returns was done by his employees, was beyond his personal knowledge, and was the result of clerical errors. Burnworth argues that since he was unaware of the illegal activity, he did not knowingly do anything contrary to justice, honesty or good morals so as to constitute a crime involving moral turpitude.

■ This Court has consistently held that underlying criminal convictions may not be challenged in a subsequent civil license suspension proceeding. *See, Department of Transportation, Bureau of Driver Licensing v. Greene,* 112 Pa.Commonwealth Ct. 413, 535 A.2d 306 (1988); *Lynch v. Commonwealth,* 91 Pa.Commonwealth Ct. 615, 498 A.2d 41 (1985). The Board is bound by Burnworth's guilty pleas to the underlying criminal charges. *See, Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303 (1984) (a guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent). Burnworth admitted that the employees were under his control and he accepted the blame as sole proprietor for the false reporting of the amount of sales tax due to the Commonwealth. Burnworth cannot now argue that he did

**2.** At the time of the hearing before the Board, Burnworth had paid all criminal fines, paid delinquent sales taxes, paid the costs of prosecution and had successfully completed his probationary sentence.

not know of the wrongdoing or that the illegal activity was merely the result of clerical errors.

Burnworth pled guilty to crimes which consisted of the element of a willful or knowing violation of the law. The Board noted that the criminal activity to which Burnworth pled guilty was directly related to his vehicle sales business. *See, Storch v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 132 Pa.Commonwealth Ct. 240, 572 A.2d 819 (1990) (odometer tampering). While we may modify an order of an administrative agency if we deem the penalty to be unduly harsh, we may not substitute our judgment for that of the Board, so long as the penalty imposed was reasonable in light of the violation. *Hendrickson v. State Board of Medicine,* 108 Pa.Commonwealth Ct. 124, 529 A.2d 78 (1987).

Due to the nature of vehicular sales, the public must place a significant degree of trust in the persons licensed to operate such businesses. Since the dealerships are responsible for the reporting and forwarding of state sales taxes, it is reasonable to expect that persons engaged in such activity possess a reasonable level of integrity and honesty. The Board, mindful of its obligation to protect the public,[3] chose to give greater weight to the seriousness of Burnworth's convictions than to the mitigating evidence offered on his behalf.

The Board did not abuse its discretion by suspending Burnworth's licenses and imposing fines. This Court will not substitute a lesser sanction than the one imposed by the Board where there has been no abuse of discretion. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 8th day of April, 1991, the order of the State Board of Vehicle Manufacturers, Dealers and Salespersons is affirmed.

---

**3.** The Board was created to monitor the vehicle industry for the protection of the public and to sanction licensees who do not abide by the Act. 63 P.S. § 818.4.