**KRYSTAL JEEP EAGLE, INC., Petitioner,**

v.

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS and State Board of Vehicle Manufacturers, Dealers and Salespersons, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1998.
Decided Jan. 22, 1999.

---

William C. Cramer and Kathleen C. Cramer, Chambersburg, for petitioner.

Thomas A. Blackburn, Harrisburg, for respondent.

Before McGINLEY, J., LEADBETTER, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

This appeal is brought by Krystal Jeep–Eagle, Inc. (Petitioner) from an order of the Board of Vehicle Manufacturers, Dealers, and Salespersons (Vehicle Board), revoking Petitioner's vehicle dealer license, No. VD–018152–A. Petitioner presents the following four issues on appeal:

1. Whether substantial evidence supports the Vehicle Board's revocation of Petitioner's dealer license?

2. Whether Petitioner may collaterally attack the Vehicle Board's reliance on Petitioner's nolo contendere plea to criminal theft charges entered on its behalf by its Trustee–in–Bankruptcy?

3. Whether the automatic stay provision of the Bankruptcy Code bars the Vehicle Board from taking disciplinary action against Petitioner's vehicle dealer license?

4. Whether the doctrine of laches bars disciplinary action brought fifteen months after the violation occurred?

On September 17, 1996, the Commonwealth of Pennsylvania Bureau of Occupational Affairs State (Commonwealth) issued an Order to Show Cause against Harry C. Pappas (Pappas), owner and president of Petitioner, Krystal Jeep–Eagle, Inc.[1] The Commonwealth alleged that Pappas violated § 10(4) of the Board of Vehicles Act (Act)[2] through Petitioner's plea of nolo contendere to one count of misdemeanor theft by deception in violation of 18 Pa.C.S. § 3922(a)(3) and four counts of misdemeanor theft by failure to properly dispose of funds in violation of 18 Pa.C.S. § 3927(a).[3] Through a plea agreement, Petitioner was substituted as the defendant in place of Pappas, against whom the criminal charges were originally filed.

In November 1993, prior to the Commonwealth's filing of the Order to Show Cause, Petitioner filed for Chapter 11 bankruptcy protection. The Trustee–in–Bankruptcy (Trustee) negotiated a plea of nolo contendere to all five counts in order to conserve Petitioner's financial resources rather than expend funds contesting the charges. Per the plea agreement, Petitioner also agreed to pay a total fine of $4,500.00. Pappas contends that he strenuously objected to the nolo contendere plea, insisting he wanted his day in court to clear his name.

---

1. Pappas also owned and served as president of a second dealership franchise known as Krystal Cadillac Oldsmobile GMC Trucks, Inc. This second franchise was co-located with Krystal Jeep–Eagle and on September 8, 1994, filed a similar voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (Vehicle Board Hearing Transcript, February 21, 1997, at 19–20, R.R. 43a–44a).

2. Act of December 22, 1983, P.L. 306, No. 84, as amended, 63 P.S. § 818.10(4).

3. The Adams County District Attorney brought the theft by deception charge against Pappas for the sale of a vehicle without proper title. The four counts of misdemeanor theft by failure to properly dispose of funds were brought against Pappas for not forwarding collected sales tax revenues to the Pennsylvania Department of Revenue. Both offenses are first degree misdemeanors. (Order to Show Cause at 1–5, R.R. at 4a–8a).

In June 1995, Trustee liquidated Petitioner's assets to satisfy creditors including its Jeep–Eagle new vehicle franchise agreement. The only assets of any significance retained by Trustee were the car lot and Petitioner's dealer license. Trustee retained these assets under the Chapter 11 reorganization plan which required Petitioner to satisfy its remaining debt from future proceeds generated by the sale of used cars on the retained car lot. Petitioner has not engaged in the business of retail car sales since this asset liquidation. On March 17, 1998, following a hearing initiated by the Order to Show Cause, the Vehicle Board revoked Petitioner's dealer license. This Court subsequently granted Petitioner's requested stay of the Vehicle Board's order pending the outcome of the instant appeal.[4]

■ Petitioner first argues that the Vehicle Board's order is not based on substantial evidence because Trustee exceeded his authority by entering into the plea agreement, and further, that there is insufficient evidence of record that Petitioner committed a crime of moral turpitude. Petitioner argues that the only evidence of record that it violated the Act is the plea agreement signed by Trustee. Petitioner maintains that the Vehicle Board erroneously considered this evidence because Trustee did not have authority to enter into the plea agreement on its behalf. We disagree. Once a trustee is appointed for a debtor in bankruptcy under § 1108 of the Bankruptcy Code[5], the trustee is vested with authority to operate the business and the court will not entertain objections to the trustee's conduct which involve

business judgements made in good faith and within the scope of his authority.[6] In this case, Trustee stated that he entered a plea of nolo contendere and paid the fine of $4,500.00 for the express purpose of avoiding the time and expense that it would have taken to defend the charges at trial.[7] Certainly, Trustee cannot be said to have acted in bad faith and used poor business judgement in acting to conserve the financial resources while developing the reorganization plan of a debtor-in-bankruptcy.

■ Regarding Petitioner's assertion that it did not commit an act constituting moral turpitude, we begin by citing the relevant language of § 10(4), which governs conduct of the type Petitioner is accused of perpetrating:

(10) The board shall have the power to formally reprimand, suspend or revoke any license or refuse to issue or renew any license ... if after due notice and hearing, the person charged ... is found guilty of committing ... any of the following acts:

(4) Being a vehicle dealer ... having ... while his current license is in force pleaded guilty, entered a plea of nolo contendere or been found guilty in a court of competent jurisdiction in this or any other state or Federal jurisdiction of ... any other crime involving moral turpitude.[8]

This Court has defined moral turpitude as "anything done knowingly contrary to justice, honesty or good morals." *Gombach v. Department, Bureau of Commissions, Elections & Legislation,* 692 A.2d 1127 (Pa. Cmwlth.1997) (quoting *Moretti v. State Board of Pharmacy,* 2 Pa.Cmwlth. 121, 277

---

4. The Commonwealth Court's scope of review in this matter is limited to a determination of whether constitutional rights were violated, an error of law as committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

5. Section 1108 provides: "Unless the court, on request of a party in interest and after notice and a hearing, orders otherwise, the trustee may operate the debtor's business." Bankr.Code. 11 U.S.C.A. § 1108.

6. *See Matter of Southern Biotech, Inc.,* 37 B.R. 318, 322, (Bankr.M.D.Fla.1983). Although 11 U.S.C.A. § 1107 provides that a court may limit the debtor's rights including the trustee's § 1108

right to operate the business, in the absence of special circumstances, there is no reason to require the debtor and its trustee to do more than justify operational decisions under the business judgement standard. More exacting scrutiny would slow the administration of the debtor's estate, increase costs and threaten the court's ability to control a case impartially. *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303 (5th Cir.1985).

7. Answer of the Trustee–in–Bankruptcy to Order to Show Cause, Factual Allegation No. 7, at 2, R.R. at 15a.

8. 63 P.S. § 818.10(4).

A.2d 516 (1971)). Certainly, theft by deception and theft by failure to make required disposition of funds constitute conduct which satisfies the definition of a crime of moral turpitude. Given Petitioner's plea of nolo contendere to five theft charges entered in the Court of Common Pleas of Adams County, the Vehicle Board's adjudication revoking Petitioner's dealer license on a finding of moral turpitude is clearly supported by substantial evidence.

Petitioner next argues that the nolo contendere plea does not constitute a violation of the Act because Trustee entered the plea without permitting Pappas, Petitioner's president, an opportunity to defend the allegations. This argument amounts to nothing more than an impermissible collateral attack on a criminal conviction in a subsequent civil proceeding. The Vehicle Board was bound by Petitioner's plea to the underlying criminal conviction given the well settled rule that said convictions may not be challenged in subsequent civil license suspension proceedings. *Burnworth v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 139 Pa.Cmwlth. 21, 589 A.2d 294 (1991). Trustee, not Pappas, had the authority to enter into the plea agreement on behalf of Petitioner. Petitioner may not now present mitigating evidence in an effort to explain away the nolo contendere plea, and we therefore, decline Petitioner's invitation to re-examine this conviction in the context of this civil proceeding.

Petitioner's third argument is that the Vehicle Board's order revoking its license violates the automatic stay provision of the Bankruptcy Code. Petitioner correctly asserts that 11 U.S.C. § 362(a) contains a stay provision that suspends all debt collection actions brought against a person or entity which has filed for Chapter 11 bankruptcy protection. Petitioner would have us ignore subsection § 362(b)(4), which provides that actions brought by a government entity may be excepted from the automatic stay provision if the action is taken to enforce its police or regulatory powers. 11 U.S.C. § 362(b)(4). This Court has recognized that § 362(a) automatically stays government action intended to protect a pecuniary interest in the debtor's estate; however, it is well settled that § 362(b)(4) allows government action designed to protect public health and safety without requiring the government to seek relief from the stay. *Commonwealth Department of Environmental Resources v. Ingram*, 658 A.2d 435 (Pa.Cmwlth.1995). Moreover, professional licensing programs are among the type of consumer protection mechanisms that fall within the gamut of the government's police and regulatory power. *Edwards Mobile Home Sales, Inc. v. Ohio Casualty Insurance Company*, 119 B.R. 857 (Bankr.M.D.Fla.1990). *See also Smith v. Commonwealth of Pennsylvania Department of Transportation*, 58 B.R. 78 (Bankr.E.D.Pa. 1986) (State action to revoke a driver's license is a proceeding by a government unit to enforce its police or regulatory power). As such, we conclude that the Commonwealth's action to enforce its automobile dealer license regulation qualifies within the § 362(b)(4) exception to the Bankruptcy Code's automatic stay provision.

As its final argument, Petitioner raises the affirmative defense of laches. The equitable doctrine of laches bars actions where the complaining party has failed to exercise due diligence in bringing an action resulting in prejudice to the opposing party. *Weinberg v. Commonwealth State Board of Examiners of Public Accountants*, 509 Pa. 143, 501 A.2d 239 (1985). In raising this defense, Petitioner must prove not only unjustified delay but also that its position or rights were prejudiced in reliance on the delay. *Commonwealth Department of Welfare v. UEC, Inc.*, 483 Pa. 503, 397 A.2d 779 (1979). Further, in *Weinberg*, our Supreme Court recognized that while the defense may be raised against the Commonwealth, courts will be generally reluctant to apply the doctrine against the government and will require a stronger showing by a defendant who attempts to apply the doctrine against the Commonwealth than by one who would apply it against an individual. *Weinberg*.

On the facts of this case, Petitioner may have a weak argument regarding the fifteen-month delay in commencement of the revocation proceeding; however, it cannot show that its position was prejudiced by

the Commonwealth's apparent inaction. In order to show prejudice, Petitioner must prove that the delay resulted in loss of memory, witness unavailability, lost or destroyed evidence, or changes in position in reliance on the Commonwealth's apparent decision not to pursue license revocation. *Weinberg.* Petitioner argues that it structured its bankruptcy reorganization plan in reliance on its ability to operate a used car lot. Petitioner asserts that without the dealer license the agreement worked out between Trustee and Petitioner's creditors is meaningless. However, Petitioner's detrimental reliance argument is undermined by the fact that the nolo contendere plea, asset liquidation process and development of the reorganization plan occurred simultaneously during June 1995. Since these activities occurred within the same time frame, Petitioner cannot prove that it changed its position in reliance on the Commonwealth's subsequent fifteen-month delay in revoking its dealer license. Moreover, Petitioner cannot show that its position was prejudiced by the delay since it never initiated any steps to create a used car lot during the fifteen-month delay. We conclude that Petitioner has failed to meet its heavy burden of proving that the Commonwealth unjustifiably delayed revoking its license, which resulted in prejudice to its position.

Accordingly, we affirm the decision and order of the Vehicle Board revoking Petitioner's vehicle dealer license.

### ORDER

AND NOW, this 22 nd day of January, 1999, the order of the State Board of Vehicle Manufacturers, Dealers, and Salespersons, dated March 17, 1998, is hereby affirmed.