**Jay H. STORCH, Petitioner,**

v.

**STATE BOARD OF VEHICLE MANUFACTURERS, DEALERS AND SALESPERSONS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 8, 2000.

Decided May 2, 2000.

J. Jay Cooper, Harrisburg, for petitioner.

Thomas Blackburn, Harrisburg, for respondent.

Before DOYLE, President Judge, and COLINS, J., McGINLEY, J., SMITH, J., PELLEGRINI, J., FLAHERTY, J., and LEADBETTER, J.

McGINLEY, Judge.

Jay Storch (Storch) seeks review of an order of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) which denied his application for reinstatement of his vehicle dealer and salesperson licenses.

Storch's Pennsylvania dealer and salesperson licenses were revoked in September 1990, after guilty pleas, in 1987, in federal court for resetting and/or causing to reset odometers of motor vehicles. *See Storch v. State Board of Vehicle Manufacturers, Dealers and Salespersons (Storch I)*, 132 Pa.Cmwlth. 240, 572 A.2d 819 (1990). In 1984, Storch obtained a Florida State dealer's license and continued selling vehicles at Pennsylvania auctions after the revocation of his Pennsylvania licenses but contends that participation at the auctions was authorized because of his valid Florida license.

At the reinstatement hearing on April 8, 1999, Storch testified that he continued to maintain his dealership in Florida. He stated that the revocation forced him to close his Pennsylvania business and detrimentally affected his finances. Storch presented evidence of his good character through witnesses and affidavits. He testified that he regretted his past actions. Additionally, the Board's attorney, who had also participated in Storch's original revocation hearing, recommended reinstatement.

The Board determined:

[A]bsent a credible showing of remorse and rehabilitation, the Board is extremely reluctant to reinstate the license of an individual who has engaged in odometer tampering.... However, as the basis for reinstatement, Petitioner's [Storch] testimony was essentially that he suffered mightily for the past ten years for events which occurred almost twenty years ago. Having the benefit of receiving Petitioner's [Storch] testimony in person, the Board is not persuaded that [Storch] has so learned his lesson, that

[Storch] has rehabilitated himself and that he will be able at all times to act ethically and in the best interest of the public and to comply with the Act.[1]

Decision of the Board, June 4, 1999 (Board Decision) at 8.

The Board also determined, "Petitioner's [Storch] subsequent violations of the Act by selling vehicles at wholesale auctions while his licenses were revoked, because these actions are also grounds for suspension or revocation under section 19 of the Act, also support a denial of reinstatement." Board Decision at 9.

■ The issues for our review are whether the Board abused its discretion when it failed to follow the recommendation of the Board's prosecutor to reinstate; whether it was error to place the burden of establishing remorse and rehabilitation on Storch and whether there was substantial evidence to support the Board's determination.[2]

■ Storch contends that the Board failed to adequately consider mitigating circumstances and his character evidence.[3] Section 10(4) of the Act, 63 P.S. § 818.19, empowers the Board to conduct inquiries to determine whether to issue, revoke or suspend a license. Here, the Board did not impose any burden of proof on Storch, but rather, chose not to credit his evidence. The Board was unconvinced that Storch was remorseful and rehabilitated. The Board also rejected the recommendation of the prosecutor. This was within the Board's discretion. *Burnworth v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 139 Pa.Cmwlth. 21, 589 A.2d 294 (1991). A reviewing court

1. The Board of Vehicles Act (Act), Act of December 22, 1983, P.L. 306, *as amended*, 63 P.S. §§ 818.1–818.37, setting forth grounds for disciplinary proceedings. Renumbered as Section 19 of the Act by section 12 of the Act of April 19, 1996, P.L. 104, 63 P.S. § 818.19.

2. Our review of the Board's order is limited to a determination of whether the constitutional rights of the licensee were violated,

whether the order is in accordance with existing law, or whether any necessary findings of fact are not supported by substantial evidence. *Nicoletti v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 706 A.2d 891 (Pa.Cmwlth.1998).

3. We note that Storch cites no case law to support this position.

will not overturn an administrative agency's exercise of discretion in the absence of fraud, bad faith or flagrant abuse of discretion. *Kwalwasser v. Department of Environmental Resources,* 131 Pa.Cmwlth. 77, 569 A.2d 422 (1990).

The Board also determined that Storch was physically present at Pennsylvania auctions. Section 5(f)(5) of the Act, 63 P.S. § 818.5(f)(5), prohibits any person whose license has been suspended or revoked from being "physically present" at a wholesale vehicle auction in Pennsylvania.[4] Storch admitted to attending and selling vehicles at auctions in Pennsylvania after his licenses were revoked. Notes of Testimony, April 8, 1999 (N.T.) at 24–25, 71, 76; Reproduced Record (R.R.) at 30a–31a, 77a, 82a. The facts presented establish that Storch continued to be "physically present" at wholesale auctions in Pennsylvania, in violation of the Act.[5]

Finally, Section 23 of the Act, 63 P.S. § 818.23, provides that the Board, "may refuse to issue a license if the applicant has committed any of the acts set forth as grounds for the suspension or revocation of a license or the Board finds that the applicant continued to engage in an activity in violation of this act during the suspension or revocation period." Storch's own testimony established that he continued to violate the Act. The Board had more than sufficient substantial evidence to deny a reinstatement.

Accordingly, we affirm.

### ORDER

AND NOW, this 2nd day of May, 2000, the order of the State Board of Vehicle Manufacturers, Dealers and Salespersons at the above captioned matter is affirmed.

4. Section 818.5(f)(5) also provides:
   [A]ny person who has had his license under this act or authority to engage as a dealer or salesperson in any other state or jurisdiction suspended or revoked shall not be authorized, while the license or authority is suspended or revoked, to be physically present at a wholesale auction during the auctioning of vehicles.

PELLEGRINI, Judge, dissenting.

I respectfully dissent from the majority's opinion because the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) relied, in part, on Jay H. Storch's conviction for purchasing automobiles while having a revoked Pennsylvania dealer and salesperson's license, which we reversed in *Storch v. Commonwealth of Pennsylvania, State Board of Manufacturers, Dealers and Salespersons,* 751 A.2d 265 (Pa.Cmwlth.2000). As such, I would vacate and remand to the Board to consider Storch's request for reinstatement without considering that conviction.

Judge SMITH joins in this dissenting opinion.

63 P.S. § 818.5(f)(5).

5. Storch admitted to attending a sale at the Manheim auction a month before the Board's hearing, and that within the past three years he sold approximately two or three vehicles each year at various auctions in Pennsylvania. N.T. at 70–72; R.R. at 76a–78a.