**Jay H. STORCH, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE BOARD OF VEHICLE MANUFACTURERS, DEALERS AND SALESPERSONS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 8, 2000.

Decided May 2, 2000.

---

J. Jay Cooper, Harrisburg, for petitioner.

Thomas Blackburn, Harrisburg, for respondent.

Before DOYLE, President Judge, and COLINS, J., McGINLEY, J., SMITH, J., PELLEGRINI, J., FLAHERTY, J., and LEADBETTER, J.

MCGINLEY, Judge.

Jay H. Storch (Storch) seeks review of an order of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) which imposed a civil penalty of $5000 on Storch for engaging in vehicle activities after his Pennsylvania license was revoked, in violation of Sections 5(a)(1) and 19(27) of the Board of Vehicles Act (Act).[1] Dorothy Childress, Commissioner of the Bureau of Professional and Occupational Affairs (Bureau), cosigned the order.

A short history of this ongoing saga is important to understanding the current controversy.[2] On September 19, 1990, Storch's vehicle dealership license and his vehicle salesperson license were revoked by the Board based on his guilty pleas to federal charges of one violation of 15 U.S.C. § 1986 (conspiracy to reset or alter odometers) and two violations of 15 U.S.C. § 1984 (knowingly and willfully resetting or causing to be reset odometers of a motor vehicle). This Court affirmed the decision of the Board which revoked Storch's Pennsylvania dealership and salesperson's licenses and fined him $3000. *See Storch v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 132 Pa.Cmwlth. 240, 572 A.2d 819 (1990). Storch attempted to have his license reinstated but the Board rejected his application.

On May 22, 1997, the Attorney for the Commonwealth, acting on behalf of the Bureau, filed a rule to show cause why disciplinary action should not be taken against Storch for engaging in dealership activity in Pennsylvania by selling seventeen vehicles at the Manheim Auction in 1996, in Pennsylvania. At all relevant times Storch was a licensed dealer in the State of Florida. The valid Florida vehicle dealership license was issued in 1984, under the name "Delray Motorcars".

---

**1.** The Act of April 19, 1996, P.L. 104, No. 27, *as amended,* 63 P.S. § 818.5(a)(1), and 63 P.S. § 818.19(27).

**2.** On November 1, 1999, this Court vacated its original order of August 20, 1999.

Storch admitted to the transactions and asserted that because he was a licensed Florida dealer, and did not hold himself out to be a Pennsylvania dealer, the seventeen sales did not violate the Act. The Board determined that Storch violated the Act, directed him to cease and desist and imposed a civil penalty of $5000. The Act [3] provides for up to a $1000 for each violation.

 The crucial issue for our review [4] is whether Storch violated the Act when he sold seventeen vehicles at the Manheim Auto Auction in Pennsylvania.[5]

The Bureau alleged that Storch violated Sections 5(a)(1) and 19(27) of the Act. Section 5(a)(1) of the Act, 63 P.S. § 818.5(a)(1), provides:

> To promote the public safety and welfare, it shall be unlawful for any person to engage in the business as a salesperson, dealer, branch lot, wholesale vehicle auction, public or retail vehicle auction, manufacturer, factory branch, distributor, distributor branch, factory representative or distributor representative within this Commonwealth unless the person has secured a license as required under this act.

Section 19(27) of the Act, 63 P.S. § 818.19(27), authorizes the Board to formally reprimand, suspend, or revoke any salesperson, dealer or any other person or business who violates any provision of the Act.

Storch contends that the Board erred as a matter of law when it determined that he violated the Act by selling vehicles at the

Manheim Auction even though his Pennsylvania license was revoked, when the Board recognized he possessed a valid Florida dealer's license. Storch also asserts that he was never physically present during a wholesale auction in Pennsylvania.

The Board then concluded:

> 3. Respondent [Storch] violated Sections 5(a) and 10(27) of the Act, 63 P.S. §§ 818.5(a) and 818.10(27) and Sections 5(a)(1) and 818.19(27) of the Amended Act, 63 P.S. §§ 818.5(a)(1) and 818.19(27) by actively engaging in vehicle dealer activities by selling 17 vehicles in 1996 while his license was revoked.

There is nothing in the Act which prohibits a dealer with a valid out-of-state dealers license from engaging in dealer sales or trading even though his Pennsylvania license had been revoked. Actually, Section 818.5(f)(1) of the Act, 63 P.S. § 818.5(f)(1), authorizes out of state dealers to engage in auctions:

> Wholesale vehicle auctions in wholesale vehicle auction sales transactions shall permit only the following persons to sell vehicles at the auction:
>
> . . . .
>
> *Vehicle dealers licensed under this act or by any other state or jurisdiction . . . .* (Emphasis added.)

The only section in the Act which provides any restriction on a person whose license has been revoked in Pennsylvania is found at Section 818.5(f)(5) and provides:

> [A]ny person who has had his license under this act or authority to engage as

---

**3.** We note that the Act was amended, effective June 19, 1996, and substantially reenacted the Act of December 22, 1983, P.L. 308, No. 84, *as amended.* Section 5(a)(1) replaced the former Section 5(a) and Section 19(27) replaced the former Section 10(27). Because the renumbered sections substantially replaced the former sections we will refer to the present section designations.

**4.** Our review of the Board's order is limited to a determination of whether the constitutional rights of the licensee were violated,

whether the order is in accordance with existing law, or whether any necessary findings of fact are not supported by substantial evidence. *Nicoletti v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 706 A.2d 891 (Pa.Cmwlth.1998).

**5.** Storch also asserts the Board's refusal to issue subpoenas deprived him of the opportunity to avail himself of a laches defense. Because of our resolution of the first issue we need not review the merits of this assertion.

a dealer or salesperson in any other state or jurisdiction suspended or revoked shall not be authorized, while the license or authority is suspended or revoked, to be physically present at a wholesale auction during the auctioning of vehicles.

63 P.S. § 818.5(f)(5).[6] The Bureau failed to present any evidence to establish that Storch was present during any auction.[7] Because the Board's determination was not in accordance with existing Pennsylvania law, we are constrained to reverse the Board's decision.

Accordingly, we reverse the decision of the Board.

### ORDER

AND NOW, this 2nd day of May, 2000, the order of the Pennsylvania State Board of Vehicle Manufacturers, Dealers and Salespersons in the above captioned matter is reversed.

**6.** The General Assembly certainly has the authority to close this loophole; it need only provide that anyone with a suspended or revoked Pennsylvania license shall not participate in dealer sales or trading, even if the individual is a vehicle dealer licensed by another state or jurisdiction.

**7.** We note that Storch did not testify before the Board.