**COMMONWEALTH of Pennsylvania**

v.

**Nicholas Joseph SAMPSON, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 2008.

Decided Jan. 9, 2009.

Matthew J. Zeigler, Williamsport, for appellant.

Jason A. Raup, Asst. Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Nicholas Joseph Sampson (Defendant) appeals an order of the Lycoming County Common Pleas Court (trial court) that affirmed a magisterial district judge (MDJ) judgment against Defendant as to 15 violations of Section 2908(a)(1) of the Game and Wildlife Code (Game Code), 34 Pa.C.S. § 2908(a)(1) (exercising privileges granted by a Pennsylvania Game Commission (Game Commission) permit without the required permit) and a former Game Commission regulation prohibiting the practice of taxidermy without a permit.[1] Defendant asserts the Game Commission lacked jurisdiction to prosecute these charges because the Legislature transferred jurisdiction over taxidermy permits from the Game Commission to the Department of Agriculture (Agriculture). Defendant further asserts that he possessed a valid taxidermy permit when he acquired the wildlife specimens, which authorized him to retain the specimens indefinitely and that his violations of the former regulation did not constitute criminal offenses. For the reasons that follow, we affirm.

I.

Defendant is a licensed taxidermist and operates a taxidermy studio in Williamsport, Lycoming County. In June 2005,

---

1. See *former* 58 Pa.Code § 147.129(a)(10), which provided: "It is unlawful to ... [r]eceive, possess or hold a specimen for another without a taxidermy permit."

Defendant's annual taxidermy license expired, and he failed to renew it. In response, Wildlife Conservation Officer Kristopher Krebs (Officer Krebs) made several attempts to contact Defendant regarding the status of his permit. In January 2006, Officer Krebs met with Defendant at his studio and noticed a large quantity of wildlife specimens present. Defendant informed Officer Krebs he wished to renew his permit. Officer Krebs gave Defendant one day to contact him regarding his renewal application. However, Defendant did not contact Officer Krebs, and he did not return any of the officer's calls.

Thereafter, pursuant to a search warrant of Defendant's premises, Officer Krebs and other Game Commission officers seized and photographed numerous wildlife specimens owned by individuals other than Defendant. The specimens included whitetail and mule deer antlers, pronghorn antelope horns, and a black squirrel. In total, the Game Commission seized more than 200 items. On January 12, 2006, Officer Krebs charged Defendant with 17 counts of unlawfully possessing or holding specimens for another without a taxidermy permit, a violation of 34 Pa.C.S. § 2908(a)(1) and *former* 58 Pa.Code § 147.129(a)(10). An MDJ found Defendant guilty of the charges, fined him $200 for each violation, and imposed costs of $51.00 for each violation.

Defendant filed a summary appeal and raised three issues: whether the Commission lacked jurisdiction to continue the prosecution; whether Defendant's previous taxidermy permit authorized his continued possession of specimens after his permit expired; and, whether the record supports the findings of guilt.

Following a *de novo* hearing on appeal, the trial court found Defendant not guilty on two charges of possessing specimens belonging to others without a taxidermy license. As to the remaining 15 charges, the trial court found the Commonwealth established beyond a reasonable doubt that Defendant possessed wildlife specimens received from other persons without a valid taxidermy permit. Consequently, the trial court affirmed those convictions and sentences.

As to the Game Commission's jurisdiction to prosecute the violation of permit regulations, the trial court noted the Game Code authorizes the Game Commission to issue various permits and promulgate regulations. 34 Pa.C.S. §§ 2901(a) and (b). *Former* Section 2926 of the Game Code governed taxidermy permits. However, the Act of July 7, 2006, P.L. 358 (Act 77), effective October 5, 2006, deleted 34 Pa.C.S. § 2926 and transferred the licensing of taxidermists to Agriculture. *See* Chapter 27 of the Agriculture Code, 3 Pa.C.S. §§ 2701–07.[2] Because the violations here occurred *prior* to the transfer of jurisdiction to Agriculture, the trial court rejected Defendant's argument that Game Commission officers could no longer prosecute taxidermy permit violations.

The trial court also rejected Defendant's assertion the taxidermy provisions of the Game Code authorized the holder of an expired taxidermy permit to "receive from any person any bird or animal that has been legally or accidentally killed, keep the specimen or any part thereof in possession

---

2. Any person holding himself out to the public as a taxidermist must register as such with the Department of Agriculture. 3 Pa.C.S. § 2702. Act 77 charges Agriculture with the duty to provide information to other Commonwealth agencies about registered taxider-

mists. 3 Pa.C.S. § 2705(1). In addition, it requires Agriculture to "[c]harge taxidermy registrants an annual fee of $100 to cover the costs of administering the registration system." 3 Pa.C.S. § 2705(2).

*indefinitely* and mount the specimen....” *Former* 34 Pa.C.S. § 2926(b)(1) (emphasis added). The trial court reasoned the Legislature's use of the term “indefinitely” merely indicated there was no set time limit for licensed taxidermist to mount a specimen; it did not authorize a taxidermist to continue possession of specimens after his permit expired.

## II.

Defendant raises the following issues.[3] First, Defendant asserts the Commission lacked jurisdiction to prosecute the taxidermy permit violations. Second, Defendant asserts *former* Section 2926(b) authorized a valid permit holder to keep a specimen indefinitely even after his permit expired. Third, Defendant asserts the former enabling statute did not authorize the Commission to enact additional criminal offenses; therefore, violations of the Commission's taxidermy regulations cannot be considered criminal offenses.

## A.

■ Defendant first contends the Commission lacked jurisdiction to prosecute taxidermy permit violations because the Legislature rescinded 34 Pa.C.S. § 2926, the enabling statute granting the Commission jurisdiction to issue and regulate taxidermy permits. Defendant asserts the Legislature, in rescinding the Commission's authority to prosecute taxidermy permit violations and in making no provision for continued prosecutions, explicitly revoked the Commission's jurisdiction over taxidermy permit violations. *See McKinley v. Commonwealth*, 564 Pa. 565, 769 A.2d 1153 (2001) (when Legislature intends to limit jurisdiction, it does so in express

terms). Defendant further asserts territorial jurisdiction must be interpreted narrowly. *Id.* Consequently, Defendant asserts the Commission's prosecution of him is illegal and in violation of federal constitutional rights.

The Commonwealth counters Defendant's unlawful conduct was at all times prohibited by statute and Act 77's transfer of the taxidermy licensing requirement from Title 34 to Title 3 of the Consolidated Statutes does not absolve Defendant's violations.

■ In support, the Commonwealth cites *In re Dandridge*, 462 Pa. 67, 337 A.2d 885 (1975). In *Dandridge*, the Supreme Court recognized, “even though a statute is repealed, if some or all of its provisions are reenacted so that the conduct prohibited in the first statute remains censured by the reenactment, there is nothing which interferes with the power of the State to prosecute the matter without interruption.” *Id.* at 74, 337 A.2d at 889. Additionally, the Commonwealth cites *Commonwealth v. Beattie*, 93 Pa.Super. 404 (1928), where the Superior Court determined the Vehicle Code of 1927 did not repeal, but rather continued the former DUI statute. In *Beattie*, the Court recognized ordinarily all proceedings not determined by final judgment are wiped out by a repeal of the act under which the prosecution of the offense took place. However, where a statute is repealed and all or some of its provisions are reenacted, the reenactment neutralizes the repeal and the provisions of the repealed act continue in force without interruption. *Id. See also Commonwealth v. McNamara*, 93 Pa.Super. 267 (1928) (same); *Graver v. Pa. Pub.*

---

**3.** Defendant appealed to the Superior Court, which transferred the matter here. *See Commonwealth v. Reed,* 713 A.2d 150 (Pa.Cmwlth. 1998) (pursuant to 42 Pa.C.S. § 762(a)(2), Commonwealth Court has jurisdiction over final orders of common pleas courts in state regulatory criminal cases).

*Util. Comm'n,* 79 Pa.Cmwlth. 528, 469 A.2d 1154 (1984) (provisions of earlier public utility law continued in active operation and all rights and liabilities incurred in that statute were preserved and could be enforced where the earlier statute was repealed, and, at the same time, its provisions were reenacted as the new Public Utility Code, 66 Pa.C.S. §§ 101–3316).

We agree with the Commonwealth. On October 5, 2006, Act 77 transferred the taxidermy permit requirement to Chapter 27 of the Agriculture Code, 3 Pa.C.S. §§ 2701–07. Although the language in the registration requirement in 3 Pa.C.S. § 2702 differs from the language in the permit requirement in *former* 34 Pa.C.S. § 2926, both provisions require taxidermists to maintain a current license. Taxidermy permits issued under the Game Code were valid for a one, two or three-year period as selected by the applicant. *See* 34 Pa.C.S. § 2903. The Game Code set the annual fee for a taxidermy permit at $100.00. *Former* 34 Pa.C.S. § 2904(12).

■ Thus, both the former taxidermy provisions of the Game Code and the current taxidermy provisions of the Agriculture Code require an individual to maintain a current license to practice taxidermy. When a statute under consideration is a general revision, the new law will be deemed to be the same as it stood prior to the revision unless the statute indicates a clear intention to change it. *Graver.* Here, nothing in 3 Pa.C.S. § 2702 indicates the Legislature

intended to repeal the requirement that a taxidermist must maintain a valid permit.

In short, Act 77 transferred the licensing of taxidermists from the Game Code to the Agriculture Code. It simultaneously reenacted the annual licensing requirement for taxidermists, which is now found in 3 Pa.C.S. § 2702. Because Act 77 continued the licensing requirement for taxidermists without interruption, the Commonwealth maintained the authority to prosecute Defendant for practicing taxidermy without a valid taxidermy license.[4] *Dandridge; Graver.*

### B.

■ In his second argument, Defendant acknowledges *former* 34 Pa.C.S. § 2926, the former enabling statute, and *former* 58 Pa.Code § 147.129(a)(10), a former regulation, prohibit receiving, possessing or holding a specimen for another without a taxidermy permit. However, Defendant maintains these provisions do not require a currently valid permit to hold specimens for another.[5]

Rather, Defendant argues *former* 34 Pa. C.S. § 2926(b) authorized a taxidermist to keep a specimen in his possession indefinitely until it is mounted. He maintains the former statute did not expressly end this authority upon expiration of the permit. Defendant argues that under the Commonwealth's interpretation all taxidermists would find themselves in violation the day after their permit expired, which is an absurd result.

---

4. Also, we note a Lycoming County assistant district attorney, not a Game Commission officer, prosecuted the case against Defendant in the *de novo* appeal before the trial court on behalf of the Commonwealth. Consequently, we reject Defendant's assertion that his statutory and constitutional rights were violated by an illegal, unauthorized prosecution by a Game Commission officer.

5. *Former* 34 Pa.Code § 2926(c)(2) provided, "[i]t is unlawful ... [f]or any person to do taxidermy work for another without a permit." *Former* 58 Pa.Code § 147.129(a)(10) provided, "[i]t is unlawful to ... [r]eceive, possess or hold a specimen for another without a taxidermy permit."

Defendant further argues the former statute only prohibits a person from practicing taxidermy without a permit; it did not list "receiving, possessing or holding a specimen for another" as a crime. Defendant maintains the former statute did not authorize the Commission to enact regulations making "receiving, possessing or holding a specimen for another" a criminal offense.

In response, the Commonwealth asserts that under Defendant's construction of the former statute a taxidermist need not maintain a current permit as long as he held a permit at some previous point in his lifetime. Citing Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1922(1), the Commonwealth asserts Defendant's interpretation of the former statute is absurd.

In further support of its position, the Commonwealth argues professional licensing requirements are consumer protection mechanisms falling within the Commonwealth's police and regulatory powers. *Krystal Jeep Eagle, Inc. v. Bureau of Prof'l & Occupational Affairs*, 725 A.2d 846 (Pa.Cmwlth.1999). Under the Defendant's construction of the former statute, a taxidermist could practice indefinitely without renewing his license and not be subject to permit requirements. This would defeat the consumer protection mechanism central to the taxidermist permit requirement and allow a taxidermist to practice in perpetuity outside of Commonwealth regulation. The Commonwealth maintains this is clearly contrary to the Legislature's intent in imposing a permit requirement for taxidermy.

We agree. The Game Code authorized the Game Commission to issue various permits and promulgate regulations governing the issuance of any permit and controlling the activities performed under any permit issued. 34 Pa.C.S. §§ 2901(a) and (b).

As to the practice of taxidermy, *former* 34 Pa.C.S. § 2926 authorized the Game Commission to issue taxidermy permits. Any person holding a taxidermy permit was eligible for renewal. *Former* 34 Pa. C.S. § 2926(a). The annual fee for a taxidermy permit under the Game Code was $100.00. *Former* 34 Pa.C.S. § 2904(12).

By enacting the taxidermy provisions of the Game Code, the Legislature charged the Game Commission with the duty of regulating the practice of taxidermy. More particularly, as indicated by *former* 34 Pa.C.S. §§ 2926(a) and 2904(12), the Legislature intended a person holding a taxidermy permit renew his license on an annual basis.

As to what constitutes the practice of taxidermy, *former* 34 Pa.C.S. § 2926(b), authorized a permit holder to:

> receive from any person any bird or animal that has been legally or accidentally killed, *keep the specimen or any part thereof in possession indefinitely and mount the specimen or any part thereof,* either himself or through any legitimate employee.

Because *former* 34 Pa.C.S. § 2926(c) made it unlawful for any person to do taxidermy work without a permit, we agree with the Commonwealth that it is unreasonable to interpret *former* 34 Pa. C.S. § 2926(b) as authorizing a permit holder to indefinitely hold wildlife specimens belonging to another after their taxidermy permit expired.[6] Such an inter-

---

6. Moreover, Defendant acknowledged he annually renewed his taxidermy license in prior years. However, Defendant stated he suffers from attention deficit disorder, forgetfulness and related disorders which caused him to occasionally submit untimely renewal applications. *See* Notes of Testimony, 06/11/07, at 132–33.

pretation would also render the renewal provision in *former* 34 Pa.C.S. § 2926(a) meaningless.

We also reject Defendant's argument that the Game Commission enacted additional criminal offenses by promulgating a regulation, *former* 58 Pa.Code § 147.129(a)(10). As discussed above, the former statute made it a summary criminal offense to do taxidermy work without a permit. Taxidermy work authorized by a Game Code permit encompassed the receipt and possession of legally or accidentally killed wildlife specimens belonging to another. *Former* 34 Pa.C.S. § 2926(b)(1). Thus, in promulgating the regulation at issue, which prohibited the possession of such specimens without a taxidermy permit, the Game Commission acted within its authority under *former* 34 Pa.C.S. § 2901(b) to promulgate regulations governing conduct the Legislature defined as criminal under the former enabling statute, 34 Pa.C.S. § 2926.

For the above reasons, we discern no error in the trial court's order finding Defendant guilty of 15 counts of practicing taxidermy without a valid permit and affirming the MDJ judgment and sentence as to those convictions. Accordingly, we affirm.

### *ORDER*

AND NOW, this 9th day of January, 2009, the order of the Court of Common Pleas of Lycoming County is **AF-FIRMED.**